United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50384
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRIS PERALES; ANDY HERNANDEZ,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:02-CR-163-1-AML
USDC No. 2:02-CR-163-2-AML
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Chris Perales and Andy Hernandez appeal the sentences imposed following their convictions for conspiracy to possess with intent to distribute cocaine and conspiracy to import cocaine. Perales and Hernandez both challenge the district court's factual findings regarding their respective roles in the offense.

Perales argues that the district court erred in finding that he was a leader or organizer of the criminal activity and by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

increasing his base offense level four levels pursuant to U.S.S.G. § 3B1.1(a).  The evidence establishes that Perales operated an extensive drug operation out of his auto body shop.  The operation involved at least five couriers and one known supplier in addition to two of the employees at Perales's shop.  Perales's activities included fronting the drug operation through his body shop, receiving and paying for drug shipments from the couriers, and recruiting the operation's drug supplier.  The district court's finding that Perales was a leader or organizer of the operation is plausible in light of the record.  See United States v. Cooper, 274 F.3d 230, 238 (5th Cir. 2001).

Hernandez argues that the district court erred in finding that he was a manager or supervisor of the criminal activity and by increasing his base offense level three levels pursuant to § 3B1.1(b).  The evidence establishes that Hernandez was heavily involved in the day-to-day running of the drug operation.  His activities included receiving and paying for drug shipments from the couriers and arranging drug transactions on behalf of Perales.  The district court's finding that Hernandez was a manager or supervisor of the operation is plausible in light of the record.  See id.  Accordingly, the judgments are AFFIRMED.